UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bryan Bernard
a/k/a Joseph Vaillancourt

    v.                        Civil No. 06-cv-472-PB

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

**REPORT AND RECOMMENDATION**

Before the Court is Bryan Bernard's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, alleging that the conditions of his confinement in the New Hampshire State Prison are so unconstitutional as to require that he be immediately released from custody and that his sentence be vacated. The petition is before me for preliminary review to determine, among other things, whether it states a claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons discussed herein, I

recommend that Bernard's petition be dismissed without prejudice to the refiling of these claims in a civil rights action.

## Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis untrue,[1] the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or

---

[1] Plaintiff has another action pending before this Court, based at least in part on the allegations raised in this petition, alleging violations of the Americans With Disabilities Act ("ADA"). See Vaillancourt v. N.H. Dep't of Corr., et al., Civ. No. 06-fp-438 (D.N.H. filed Nov. 12, 2006). In that action, plaintiff's counsel filed a motion asserting that, in that case, plaintiff's allegation of poverty appears to be untrue, because plaintiff averred he could not pay the filing fee when, in fact, he had funds to pay that fee. It is not clear whether the same would be true in this case. Because I recommend dismissal on another ground, I decline to address the issue at this time. Should Bernard refile, however, he is cautioned to heed the requirements of seeking in forma pauperis status before this Court.

>     (ii) it fails to establish subject matter
>     jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

### Background

Bryan Bernard was convicted of drug-related offenses in 2001 and sentenced to three to seven years in prison. After being released on parole, Bernard violated the conditions of his release and was returned to the prison. Bernard is now serving the remainder of his sentence, which expires in March of 2008. Bernard has brought this action seeking immediate release from incarceration and to have his prison sentence vacated because he allegedly is being denied constitutionally adequate medical care, conditions of confinement, and opportunities to petition the government to redress his grievances administratively.

### Discussion

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Bernard must allege that his conviction or sentence violates some right accorded to him under the federal law or the federal Constitution.

Bernard's allegations do not point to any constitutional defect in the conviction or sentence that has resulted in his confinement.  Instead, Bernard complains that the prison conditions to which he is subjected are so injurious to him that he should be released. These allegations, even accepted as true, do not allege a claim that is cognizable in a federal habeas action.  To the extent that Bernard seeks to state a claim alleging a violation of his constitutional right to humane conditions of confinement, adequate medical care in prison and to petition the government for a redress of his grievances, such a claim must be brought by filing a separate civil rights action under 42 U.S.C. § 1983.[2]  Such claims are not properly raised in a habeas petition, as habeas relief is not available for challenges to the conditions of a prisoner's confinement if the

---

[2] While this habeas action makes reference to a cause of action based on the violation of plaintiff's civil rights under 42 U.S.C. § 1983, plaintiff's pending case alleging claims under the ADA does not appear to raise any claims under § 1983.  Based on the allegations raised in the instant petition, it appears that Bernard may well be able to at least state claims for a violation of the Eighth Amendment for denial of adequate medical care, failure to protect, and excessive force as well as claims that he was denied his First Amendment right to petition the government for a redress of grievances when he was not permitted to file request slips.  Bernard is free to bring a separate § 1983 action raising these claims or to seek to properly amend the complaint in his ADA case to add these claims.

challenge is unrelated to the fact or length of the prisoner's custody.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 489-99 (1973); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 554 (1974).  Accordingly, I recommend that this action be dismissed.

Conclusion

For the foregoing reasons, I recommend that Bernard's petition be dismissed in its entirety.  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     January 26, 2007

cc:       Bryan Bernard, a/k/a Joseph Vaillancourt, pro se